UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUN 18 PM 1:01

CLERK
BY_____
DEPUTY CLERK

Ahammed Hossain,                            )
                                            )
          Plaintiff,                        )
                                            )
          v.                                )          Case No. 2:24-cv-1412
                                            )
Director, U.S. Citizenship and Immigration  )
Services,[1]                                )
                                            )
          Defendant.                        )

**ORDER OF DISMISSAL**

A review of the docket in this case reveals the following:

1. On December 16, 2024, Plaintiff filed a Complaint against the Director of the United
   States Citizenship and Immigration Services.  Plaintiff paid the filing fee, filed a
   Notice of Pro Se Appearance, and summonses were issued.

2. On May 5, 2025, the court ordered Plaintiff to file proof of timely service or to show
   good cause for the failure to serve process on or before June 6, 2025.  Plaintiff was
   warned that if they "should fail to respond, the case must be dismissed under Rule
   4(m)."  (Doc. 3 at 2.)

3. On May 19, 2025, the court's mailing of the May 5 Order was returned as
   undeliverable.

4. No further filings have been received as of the date of this Order.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90

days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–

must dismiss the action without prejudice against that defendant or order that service be made

within a specified time."  Fed. R. Civ. P. 4(m).  Rule 4(l)(1) requires proof of service of the

summons be made to the court.

---

[1] On May 25, 2025, Angelica Alfonso-Royals became the Acting Director of USCIS and is automatically
substituted as the defendant in this action under Fed. R. Civ. P. 25(d).

On May 5, 2025, over ninety days after the Complaint was filed, Plaintiff was ordered to file proof of timely service or to show good cause for the failure to serve Defendant. Plaintiff was warned that, should they fail to respond, the case must be dismissed. Although the court's mailing of the May 5 Order was returned to the court as undeliverable, pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which a court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). Moreover, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

Because this case was filed over six months ago, Plaintiff has failed to provide proof of timely service as to Defendant, and Plaintiff has not filed a response to the May 5, 2025 Order demonstrating proof of service or good cause for the failure to timely serve Defendant, this case must be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of June, 2025.

District Judge     Crawford
United States District Court